887 F.2d 1082
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cindy Leigh SARNO, Defendant-Appellant.
 No. 88-5626.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 21, 1989.
Decided: Oct. 2, 1989.
 
 Anne R. Littlejohn, on brief, for appellant.
 Robert H. Edmunds, Jr., United States Attorney, and Paul A. Weinman, Assistant United States Attorney, on brief, for appellee.
 Before MURNAGHAN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Cindy Leigh Sarno appeals the sentence imposed after she entered a guilty plea to interstate transportation of falsely made and forged securities. 18 U.S.C.A. Sec. 2314 (West Supp.1989). Because the offense was committed after November 1, 1987,[1] the sentence was governed by the Sentencing Reform Act of 1984, 18 U.S.C.A. Sec. 3551, et seq. (West 1985 & Supp.1989), and the sentencing guidelines promulgated by the United States Sentencing Commission. We affirm.
 
 I.
 
 2
 During 1986 and 1987, Cindy Sarno and her husband Mark operated a retail and mail-order furniture business in Greensboro, North Carolina. Mark acted as president of the corporation and Cindy served as its secretary. The corporation obtained several bank loans during this time by submitting false information and tax returns. Also during this period, over 200 mail-order customers paid for merchandise that was never shipped. The Sarnos left Greensboro and moved to Surfside City, South Carolina where Mark began depositing insufficient funds checks drawn on a North Carolina bank. After an arrest warrant was issued for the Sarnos, they fled to Florida. While in Florida they engaged in a check kiting scheme in which Mark or Cindy wrote false or forged checks payable to Mark and deposited them in a Florida bank. The Sarnos were arrested while negotiating similar checks. A checkbook containing checks already filled out was found in the Sarno's home after their arrest.
 
 
 3
 Both Sarnos were indicted for bank fraud, 18 U.S.C.A. Sec. 1344 (West Supp.1989), and Mark was charged in a separate indictment with sixty counts of wire fraud, 18 U.S.C.A. Sec. 1343 (West 1984). Cindy entered into an agreement by which she pled guilty to an information that charged her with interstate transportation of forged checks ("check kiting"). In return the bank fraud indictment against Cindy was dismissed. The offense to which Cindy pled guilty has a base offense level of 6. Guideline Sec. 2F1.1(a). The district court adopted the presentence report which recommended an increase of 6 levels because the amount of loss was between $100,001 and $200,000, Guideline Sec. 2F1.1(b)(1)(G), an increase of 2 levels for more than minimal planning, Guideline Sec. 2F1.1(b)(2), and a decrease of 2 levels for acceptance of responsibility, Guideline Sec. 3E11.1(a). Cindy's resulting offense level of 12 and criminal history category of II provided a sentencing range of 12-18 months, and the court sentenced her to 18 months.
 
 
 4
 Cindy challenges the amount of loss used to determine the specific offense characteristic under Guideline Sec. 2F1.1(b)(1) on three grounds. First, she argues that the court should not have included the losses identified in the dismissed indictment for bank fraud. Second, she contends that the court erred by including the amount of unnegotiated checks found in a checkbook at her home. Finally, she challenges the inclusion of losses resulting from wire fraud for which her husband was indicted.
 
 II.
 
 5
 Cindy's challenge to the inclusion of losses alleged in the dismissed indictment for bank fraud is without merit. Paragraph 6 of the Commentary to Guideline Sec. 2F1.1 states that "[t]he cumulative loss produced by a common scheme or course of conduct should be used in determining the offense level, regardless of the number of counts of conviction." Additionally, the Commentary to Guideline Sec. 1B1.3 states that "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." As long as the court found that the bank fraud was a part of a common scheme or course of conduct, Cindy need not have been convicted of the bank fraud for the court to consider the bank fraud losses under Guideline Sec. 2F1.1(b)(1). Cindy participated in the bank fraud by signing the loan documents as a corporate officer with knowledge that the documents contained false information. When an arrest warrant was issued for the Sarnos, she participated in the check kiting scheme to finance the Sarnos' flight to avoid arrest. Clearly the bank fraud and the check kiting were a part of a common course of conduct. Accordingly, the district court correctly included the losses incurred as a result of the bank fraud.
 
 
 6
 We need not address her other two contentions. Whether the amount of unnegotiated checks and the amount of loss caused by the customer fraud are included in the calculation or not, the total loss would remain within the amounts calling for a 6-level increase and thus the sentencing range of 12-18 months would be unaffected.
 
 III.
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The offense to which Cindy pled guilty occurred after November 1, 1987. Although Cindy's entire course of conduct began in 1986, the presentence report that the court adopted included only losses from offenses committed after November 1, 1987 in determining Sarno's sentence. The government notes that the entire amount of losses could have been included because the conduct constituted a continuing offense. The government failed to object to this omission in the district court andconsequently we will not address this issue on appeal